WIGGINTON, Judge.
The natural father of the infant child N.W. appeals the “Order of Judicial Review” finding “by a preponderance of the evidence” that he was the perpetrator of the abuse inflicted on N.W., and transferring legal custody of N.W. from the paternal grandparents to the child’s natural mother. Several points are raised by the father challenging this order, but due to our resolution of the issue raised in point II, we need not address the remaining points. We reverse and remand for further proceedings.
N.W. was taken into custody by the Department of Health and Rehabilitative Services (Department or H.R.S.) on October 25, 1988. A dependency petition was filed alleging that the child had been severely physically abused and had been, prior to discovery of the abuse, in the care, custody and control of both the mother and the father, as well as the paternal grandmother. Although a child protection team physician determined that N.W.’s injuries were *258 caused by deliberate and aggravated child abuse, the identity of the perpetrator was never conclusively established. Following an adjudicatory hearing, an order of dependency was entered on February 7, 1989, finding N.W. dependent by reason of physical abuse. After the dispositional hearing, the court entered an order placing N.W. in the custody of the paternal grandparents under H.R.S. protective supervision, ordering the parents to enter into a performance agreement and to undergo psychological evaluation, and setting a judicial review within six months.
A petition for judicial review was filed by the Department on September 15, 1989. The petition, inter alia, requested the court to consider the dispositional alternative of change of placement. A protective supervision summary was filed by the Department recommending foster care based on the Department’s belief that N.W. was at risk in her present, placement with the paternal grandparents due to the concom-mitant accessibility to N.W. by the father. The guardian ad litem in turn filed her report also recommending that the child be placed in foster care.
At the review hearing, all parties, with the exception of the mother, were represented by counsel and all had an opportunity to testify. The court’s order was entered on October 23, 1989, specifically finding that the father was the perpetrator of the abuse and returning N.W. to the mother under protective services supervision for a period of six months.
Under point II of the issues raised on appeal, the father argues that the trial court erred in making the factual determination identifying him as the perpetrator of the abuse. We agree on the basis, as argued by the father, that the evidence does not support such a finding. For instance, the court noted that at the time of the child’s emergency treatment, she became rigid and exhibited hysterical behavior at the appearance of the father. However, it is also apparent from the record that N.W. exhibited the same type of behavior at the appearance of other male figures. Significantly, during the period of time that the alleged abuse occurred, the mother was living with her boyfriend who had access to N.W.
The trial court also found that the “time sequence of events proceeding [sic] the discovery of the abuse was consistent with abuse by the father.” To the contrary, it was undisputed in the record that the time sequence of events was consistent with abuse by either the father or the mother. In fact, the report submitted following the staffing with the Child Protection Team held on September 26, 1989, indicated that all staffing participants were of the consensus that identification of the responsible party was impossible, given the difficulty of determining the age of N.W.’s injuries and the fact that she had been cared for by several family members in the day and a half period preceding her arrival at the emergency room.
The remainder of the trial court’s findings regarding the father’s personality type and potential for cruel behavior, as well as his instituting a paternity action prior to the alleged abuse, amount to little more than innuendo and speculation concerning the father’s surmised superior ability to abuse N.W. in the tragic manner in which she was abused. Indeed, the record establishes that the reprehensible personality traits exhibited by the father were, to a great extent, exhibited by the mother as well. We also note that it was virtually unanimous throughout the record, by way of the recommendations of the guardians ad litem and protective services counselors, that neither the mother nor the father was competent to care for the child.
Because it is abundantly clear from the order that the trial court’s motivation for changing custody from the paternal grandparents to the mother was largely its conclusion that the father was the perpetrator of the abuse, we must reverse the order and remand the cause to the trial court for reconsideration of N.W.’s placement. In so holding, we emphasize that we are in no way passing judgment on the appropriateness of the trial court’s removing the child from the custody of the grandparents, nor are we necessarily precluding continued *259 placement with the mother. Nearly nine months have passed since the entry of the order under review during which N.W., who is now approximately two and one half-years old, has presumably continuously resided with and bonded to her mother, under H.R.S. supervision. Therefore, on remand, the trial court may consider additional evidence and testimony as to the appropriateness of continued placement with the mother or as to alternative placement. Certainly, if other, more conclusive, evidence has arisen regarding the identity of the perpetrator of the abuse on N.W., the trial court is free, given proper notice to the parties, to reevaluate that issue as well.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JO ANOS and ZEHMER, JJ., concur.